**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

**CIVIL ACTION NO. 21-cv-198**

**UNITED STATES OF AMERICA**                                            **PLAINTIFF**

**v.**

**VEARL PENNINGTON and,**                                        **DEFENDANTS**
**MICHAEL WILLIAMSON**

### PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT PENNINGTON'S MOTION FOR PARTIAL SUMMARY JUDGMENT

The United States hereby files this Response in Opposition to Pennington's Motion for Partial Summary Judgment, R. 38. Defendant continues to argue that he completed the renewal application process, that he paid all fees, and that the FCC improperly routed his $1,155 payment. R. 38. For the foregoing reasons, and those previously argued in the Government's motion, Defendant's Motion must be denied.

First, Defendant did not submit a renewal application. Rather in May 2004 he prepared the applications for his three stations and those applications remained READY until he paid the application processing fee at the time of the application or within 10 days thereafter. 47 U.S.C. § 158. Only after the application processing fee is paid does that application status transition from READY to FILED indicating the application is ready for FCC review. Hashemzadeh Dep. 11:7-19, 13:3-9, 34:92-35:23. Defendant never paid the fee. Therefore, Defendant never submitted a renewal application.

Second, the law clearly states that FCC license applications must be accompanied by an application filing fee. 47 U.S.C. § 158(a). In 2003, the application fee was $50 per license. Hossein Hashemzadeh Dep. 32:4-7 (Feb. 18, 2022); 47 C.F.R. § 1.1104(5)(c) (2003). The FCC is also required

to assess and collect annual regulatory fees. 47 U.S.C. § 159(a). These regulatory fees are set by the Commission each fiscal year and set forth in a schedule of regulatory fees. *Id.* at § 159(c)(1); s*ee e.g.* USA-PenningtonWilliamson-437-49 (2004 Schedule of Regulatory Fees setting LPTV fee at $385). Therefore, the Communications Act clearly states a licensee's financial obligations to obtain and maintain a license to legally broadcast.

Defendant has admitted he failed to fulfill these financial obligations. Pennington Dep. 58:4 – 61:1. He admitted that since 1998 and every year thereafter, he made no payments to the FCC except for a single $1,155 payment in 2004. *Id.* To be properly licensed, Defendant would have had to pay regulatory fees every year for every station. FCC records show no record of any payments. R. 36-6. Additionally, the 2004 payment reasonably went to regulatory fees which, in 2004 were $385 per station, or $1,155 for three stations. It would strain credulity to think that Pennington paid application renewal fees for three stations for almost 50 years in the future (2004-2053)[1] or that that the application processing fee would remain $50 for that same time period.

Even if the FCC system allowed for decades of application processing fee pre-payments – which it does not - the August 2004 payment was not made within the requisite time period. 47 U.S.C. § 158; Hashemzadeh Dep. 11:7-19. Pennington would have had to pay the processing fee at the time of the applications (May 25 and May 26, 2004) or no later than ten days thereafter. *Id.* He failed to comply, so the applications were never filed.

Furthermore, Defendant indicates that "the division chief was provided with credit card information in order to charge and get paid any fees necessary to renew the license." R. 38, Page ID # 987. There is no evidence in the record that Pennington verbally provided the credit card information to the FCC on the phone. The only evidence is that a credit card, not in either Defendant's

---

[1] The application renewal process is staggered and occurs every eight (8) years. U.S.C.§ 307(c); 47 C.F.R. § 73.3539(a).

2

name, was charged in August 2004 for $1,155. USA-PenningtonWilliamson-346. Furthermore, FCC personnel are not authorized to take credit card information or collect application fees over the phone. *See* Hashemzadeh Dep. 41:18 – 42:5.

Finally, Defendant relies on the assertion that the FCC "mistakenly or inadvertently misapplied the [$1,155] to pay other fees that the FCC had never sent a bill requesting payment or otherwise notified Vearl Pennington that such fees were due or delinquent." License renewal reminders are simply a courtesy. *Life on the Way Communications, Inc.,* Forfeiture Order, 30 FCC Rcd 2603, 2608, n. 34, 2015 WL 1307906 (March 23, 2015). A licensee is obligated to timely file a license renewal application which "attaches irrespective of its failure to receive Commission notification" of an upcoming renewal deadline. *Discussion Radio.* 19 FCC Rcd at 7437, n. 20 (*citing ACC Network Corp.*, Order, 16 FCC Rcd 22446, 22447, 2001 WL 1631199 (Dec. 18, 2001)).

The law clearly states a licensee's obligations and Pennington admits that since 1998 he has failed to comply, or cannot present evidence to support compliance, with his financial obligations as a licensee. Pennington Dep. 58:4 – 61:1. As previously noted in the Government's Motion, Defendants admit they received notice to cease broadcasting on August 16, 2016 and willfully and repeatedly continued to broadcast until at least September 7, 2016. This is the material fact that Defendant's cannot dispute.

Therefore, Defendant's Motion should be denied.

        Respectfully submitted,

        CARLTON S. SHIER, IV
        UNITED STATES ATTORNEY

By: *s/ Rajbir Datta*
    Rajbir Datta
    Assistant United States Attorney
    260 West Vine Street, Ste. 300
    Lexington, KY 40507
    Phone: (859) 233-2661
    Email: Rajbir.Datta@usdoj.gov

CERTIFICATE OF SERVICE

       On June 14, 2022, I electronically filed this document through the ECF system, which will send a notice of electronic filing to all the parties in this case. I further certify that on June 14, 2022 a copy of this Response was mailed and emailed to the following addresses by first class mail:

Mr. Michael Williamson
135 Lee Cemetery Road
Morehead Kentucky 40360
TV10Morehead@yahoo.com

Mr. Vearl Pennington
113 Gugdell Avenue
Owingsville Kentucky 40360
VearlSkeets@gmail.com

                                                s/ Rajbir Datta
                                                Rajbir Datta
                                                Assistant United States Attorney
                                                260 West Vine Street
                                                Lexington, KY 40507
                                                (859) 233-2661
                                                Rajbir.Datta@usdoj.gov