UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 5:21-CV-198-REW-MAS |
| v. | ) |
| | ) OPINION AND ORDER |
| VEARL PENNINGTON, | ) |
| | ) |
| Defendant. | ) |

\*\*\* \*\*\* \*\*\* \*\*\*

After representing himself for nearly one year, Pennington now moves for appointment of counsel. *See* DE 39. In support, Pennington states he has struggled to retain his own attorney and claims, without explanation, that he "needs the support of an attorney." *Id.* In response, the Government asserts this case does not involve exceptional circumstances that would prompt this Court to appoint counsel. *See* DE 43 at 3-4.

In civil proceedings, there is no constitutional right to counsel. *See Turner v. Rogers*, 131 S. Ct. 2507, 2516 (2011). Rather, courts have discretion to appoint counsel when "exceptional circumstances" exist. *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993) (quoting *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)). In exercising that discretion, courts consider the nature of the case, the complexity of the issues, and the party's ability to self-represent. *See Cleary v. Mukasey*, 307 F. App'x 963, 965 (6th Cir. 2009); *Lavado*, 992 F.2d at 605. Typically, a court will not find exceptional circumstances exist solely because a party lacks legal expertise or requests that the court appoint counsel. *See, e.g.*, *Millhouse v. Jones*, No. 15-cv-125-DLB, 2018 WL 62044301, \*1 (E.D. Ky. Nov. 28, 2018) (declining plaintiff's motion to appoint counsel although

the case involved medical terminology, diagnoses, and graphs because the legal issues were not complex and plaintiff competently represented himself).

Here, Pennington has not demonstrated exceptional circumstances. While Pennington states he has been unsuccessful in hiring an attorney and believes he could benefit from the support of one, he does not elaborate or provide any facts to support a finding of exceptional circumstances. Further, this case does not involve notably complex legal or factual issues.[1] This case concerns the requirements for obtaining and renewing a license to operate a television station, a process Pennington appears to be familiar with given that he obtained a license in 1993 and allegedly applied for a license renewal in 2004. Lastly, thus far, Pennington has adequately represented himself in this case. He filed an Answer to the Government's Complaint and a Motion for Summary Judgment. Finally, Pennington offers no particulars or reasons for his inability to hire a lawyer, and he depicts nothing regarding exigent financial circumstances or current penury.

In sum, there are no exceptional circumstances that warrant the appointment of counsel. For the reasons stated above, the Court **DENIES** Pennington's motion to appoint counsel. *See* DE 39.

This the 31st day of August, 2022.

---

[1] This matter arises from unlicensed operation of a television station. In 1993, Pennington obtained a license from the Federal Communications Commission ("FCC") to operate a low-power television station ("the Station"). *See* DE 1 at ¶ 19. On August 1, 1998, the license expired. *See id.* at ¶ 20. Pennington maintains that in May 2004, he filed an application to renew the license. *See* DE 36-1 at 5. However, the FCC claims Pennington never paid a filing fee, meaning the FCC neither reviewed nor accepted Pennington's application. *See id.* As a result, the FCC database indicated that the Station's license was canceled. *See id.* In 2016, the FCC discovered Pennington continued to operate the Station despite the FCC having no record of a valid license. *See* DE 1 at ¶ 24. Consequently, the FCC issued a Forfeiture Order against Pennington. *See id.* at ¶ 41. On July 21, 2021, the FCC brought this action to enforce the Order. *See id.* at ¶ 1.

Signed By:
*Robert E. Wier* /REW/
United States District Judge